```
                    United States District Court
                      District of Massachusetts
 _____
                                )
MATTHEW BEERS,                  )
        Plaintiff,              )
                                )
        v.                      )    Civil Action No.
                                )    09-10010-NMG
ONE WORLD TECHNOLOGIES, INC.,   )
RYOBI TECHNOLOGIES, INC. and    )
HOME DEPOT U.S.A., INC.,        )
        Defendants.             )
 _____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Matthew Beers brings suit against One World Technologies, Inc. ("One World"), Ryobi Technologies, Inc. ("Ryobi") and Home Depot U.S.A., Inc. ("Home Depot"), alleging negligence and breach of the implied warranty of merchantability.

**I.  Background**

This case arises out of an injury sustained by Beers while using the Ryobi Saw, a 10-inch table saw manufactured, sold and distributed by the defendants.  Beers alleges that One World and Ryobi designed and manufactured the Ryobi Saw and sold it to Home Depot, which, in turn, distributed, supplied and/or sold it to the plaintiff.  Beers maintains that the Ryobi Saw is defective because it is not equipped with a flesh-detection technology called SawStop whereby the blade is stopped almost immediately when flesh touches it.  Beers claims that Home Depot was

negligent for having sold defective saws and for failing to warn potential users of the defects adequately and that Home Depot breached its implied warranty that the Ryobi Saw was merchantable, safe and fit for ordinary purposes.

Beers filed his complaint on January 5, 2009. The case was assigned to Magistrate Judge Leo T. Sorokin for discovery issues, along with a number of related cases alleging essentially the same facts and claims.

## II. **Motion for Partial Summary Judgment**

On August 4, 2010, Home Depot moved for partial summary judgment with respect to the negligence claim against it. On September 29, 2010, in the related cases of <u>Bernier</u> v. <u>One World Technologies, Inc. et al.</u> (08-cv-12083-NMG), <u>Maloney</u> v. <u>One World Technologies, Inc. et al.</u> (08-cv-11888-NMG) and <u>White</u> v. <u>One World Technologies, Inc. et al.</u> (09-cv-10011-NMG), this Court issued a Memorandum & Order allowing an identical motion for partial summary judgment by Home Depot. The Court held that, because Home Depot was a retailer and not a manufacturer of the saws at issue, Home Depot did not have a duty to forewarn any potential user about the lack of SawStop on the saw. <u>Bernier</u> v. <u>One World Tech., Inc.</u>, Civ. A. Nos. 08-12083-NMG, 08-11888-NMG, 09-10011-NMG, 2010 WL 3927765, at *2 (D. Mass. Sept. 29, 2010) (citing <u>Osorio</u> v. <u>One World Techs., Inc.</u>, 716 F. Supp. 2d 155 (D. Mass. 2010)). That holding was based on the general rule that a

retailer cannot be held liable for negligence for latent defects in a manufactured product of which it has no notice. See Mello v. K-Mart Corp., 604 F. Supp. 769, 773 (D. Mass. 1985).

In his opposition to Home Depot's motion, Beers acknowledges that Home Depot's motion for partial summary judgment is a duplicate of its motion that was allowed in Bernier and the related cases. The complaints in those cases are virtually identical to Beers' complaint. Consequently, Beers incorporates by reference in his memorandum in opposition in this case, the memorandum in opposition filed by the plaintiffs in those actions. As in Bernier, Maloney, White and Osorio, there is no evidence presented here that Home Depot knew or had reason to know of a latent dangerous condition or was involved in the design or manufacture of the subject table saws.

Given that the motion at bar and the one on which the Court ruled in September, 2010, are identical, as are the oppositions thereto, the Court adopts the reasoning set forth in its September, 2010, Memorandum & Order and will allow Home Depot's motion for partial summary judgment. See Bernier, 2010 WL 3927765.

**ORDER**

In accordance with the foregoing, Home Depot's motion for partial summary judgment (Docket No. 39) is **ALLOWED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated January 14, 2011